UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | |
| **JOSEPH HACK** | **NO. 06-180-C-M2** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

Signed in chambers in Baton Rouge, Louisiana, April 9, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                   CRIMINAL ACTION

VERSUS

JOSEPH HACK                                                      NO. 06-180-C-M2

### MAGISTRATE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (R. Doc. 56) filed by petitioner, Joseph Hack ("Hack" or "petitioner").  The United States of America ("United States") has filed an opposition (R. Doc. 62) to petitioner's motion.

### FACTS & PROCEDURAL BACKGROUND

On August 27, 2006, Hack was indicted on four counts:  (1) possession of a firearm in violation of 18 U.S.C. §922(g)(1); (2) possession of marijuana in violation of 21 U.S.C. §844(a); (3) possession with the intent to distribute five (5) grams or more of a substance containing a detectable quantity of cocaine base in violation of 21 U.S.C. §841(a)(1); and (4) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A).  A jury trial relative to those charges was commenced on May 14, 2007; however, before the jury was sworn on voir dire, Hack informed the Court that he wanted to enter a plea of guilty to the indictment.  Hack entered his guilty plea on that date, and the trial judge accepted the plea as knowing, voluntary, and intelligent and found a factual basis for the plea.  The trial judge then referred the matter to the Probation Department for the preparation of a presentence report.

1

The presentence report ("PSR") was disclosed electronically to the attorneys of record beginning on August 14, 2007. In that report, petitioner's total offense level was calculated to be 32, and he was found to have a criminal history category of III, which resulted in a guidelines sentencing range of 151 to 188 months on the first three counts as well as a 60-month consecutive sentence on the firearm charge (Count 4).

At the sentencing hearing on October 5, 2007, the district judge adopted the PSR but reduced petitioner's total offense level to a 30 based upon the petitioner's acceptance of responsibility for the crimes to which he pled guilty, resulting in an advisory guidelines imprisonment range of 121 to 151 months plus a 60-month consecutive sentence on the firearm charge. The district judge then sentenced petitioner to 120 months on Count One, 12 months on Count Two, and 121 months on Count Three to be served concurrently, and a term of 60 months on Count Four to be served consecutively to the concurrent sentences on Counts One through Three, resulting in a total sentence of 181 months. The judgment of sentencing also specifically provided that Hack's federal term of imprisonment "shall run consecutively to the defendant's imprisonment under any previous state or [f]ederal sentence."[1]

Hack has now filed the present motion to vacate, set aside, or correct his sentence, wherein he asserts the following claims: (1) his sentence exceeds the statutory maximum

---

[1] Although the undersigned does not have a copy of the PSR before it, the United States and petitioner both indicate in their memoranda relating to the present motion that the PSR notes that, at the time Hack committed the federal offenses at issue, he was on parole for state charges of illegal carrying of a weapon and possession with intent to distribute cocaine. Furthermore, petitioner admits in his present motion that he was "on a parole hold on a state charge" at the time he was sentenced on the instant federal charges. *See,* R. Doc. 56-2, p. 2.

per the new U.S. sentencing guidelines pursuant to USSG §1B1.10 in accordance with 18 U.S.C. §3582(c)(2) (*i.e.,* the "crack cocaine amendment"); (2) he received ineffective assistance of counsel because his counsel (a) did not pursue or clarify whether his federal sentences were to run concurrent with his state sentences, and (b) did not file a motion at sentencing seeking to have the Court order petitioner to receive credit for time served in the custody of a state jail facility during his federal proceedings; and (3) his conviction violates the double jeopardy clause.  As to Claim No. 1, the United States points out that the Court filed a "Notice of Motion to Determine Potential Eligibility for Sentence Reduction under USSG §1B1.10" (R. Doc. 55) on February 27, 2008, which remains pending and will be "processed by the Court in due time."  Accordingly, Claim No. 1 will not be addressed in this report.  As to petitioner's other claims, the United States contends that they lack merit and should be dismissed.

## LAW & ANALYSIS

I.   **Ineffective Assistance of Counsel:**

To prove ineffective assistance of counsel, Lomas must meet the two-pronged burden of proof set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984):

> (1) that his counsel's performance was "deficient", *i.e.*, that counsel made errors so serious that he was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment; and
>
> (2) that the deficient performance "prejudiced" his defense, *i.e.*, that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial where the result is reliable.

*Strickland*, 104 S.Ct. at 2064.

3

To satisfy the deficiency prong of the *Strickland* standard, the petitioner must demonstrate that his counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards. (See *Martin v. McCotter*, 796 F.2d 813, 816 (5th Cir. 1986), *cert. denied*, 479 U.S. 1057, 107 S.Ct. 935, 93 L.Ed.2d 985 (1987)). The reviewing court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence and that, under the circumstances, the challenged action might be considered sound trial strategy. (See *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988)). The court, therefore, must make every effort to eliminate the distorting effects of hindsight and to evaluate the conduct from counsel's perspective at the time of trial. *Martin*, 796 F.2d at 817. Great deference is given to counsel's exercise of his professional judgment. *Bridge*, 838 F.2d at 773; *Martin*, 796 F.2d at 816. Mere error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error has no effect on the judgment. *Strickland*, 104 S. Ct. at 2066.

If the petitioner satisfies the first prong of the *Strickland* test, his petition nonetheless must affirmatively demonstrate prejudice from the alleged errors. *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988). To satisfy the prejudice prong of the *Strickland* test, it is not sufficient for the petitioner to show that the alleged errors had some conceivable effect on the outcome of the proceeding. *Strickland*, 104 S. Ct. at 2067. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2068. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.* The habeas petitioner need

4

not show that his counsel's alleged errors "more likely than not" altered the outcome of the case; he must instead show a probability that the errors are "sufficient to undermine confidence in the outcome." *Martin*, 796 F.2d at 816-17.

### (A) Was petitioner's counsel ineffective in failing to argue that his federal sentence should run concurrent to his state sentence?

In this claim, petitioner contends that his counsel was well aware of the fact that his parole on state charges would be revoked as a result of his federal conviction and that he was deficient in failing to pursue concurrent sentences on petitioner's federal and state convictions since concurrent sentences "would significantly reduce the amount of time [petitioner] would be required to serve in both state and federal custody." Petitioner asserts that, if his counsel had asserted such an argument, he likely would have prevailed since neither the Government nor the PSR recommended that petitioner's federal sentence run consecutively with any of his other sentences.

The Court disagrees, however. Such an argument likely would have been rejected based upon 18 USSG §5G1.3(c). According to Application Note 3(C) to USSG §5G1.3, Subsection (c) of USSG §5G1.3 applies in cases in which a defendant is on federal or state probation, parole, or supervised release at the time of the federal offense and has had such probation, parole, or supervised release revoked, as in this case, and the Sentencing Commission recommends, in that Application Note, that the sentence for the federal offense be imposed consecutively to the sentence imposed for the revocation of parole. *See*, Application Note 3(C) to USSG §5G1.3. Because an argument for concurrent state and federal sentences would have been contrary to the Sentencing Commission's recommendations, petitioner's counsel was not deficient in failing to assert such argument,

5

and petitioner was not prejudiced by that failure because the Court likely would not have granted his request for concurrent sentences even if it had been asserted.

Additionally, as the United States notes in its opposition to the present motion, petitioner's counsel did prevail at sentencing in his argument that petitioner was entitled to a two-level reduction of his offense level based upon his acceptance of responsibility for the crimes to which he pled guilty. It is likely that petitioner's counsel made the strategic decision not to risk losing his argument for the reduction in offense level by also asserting a dubious argument concerning concurrent state and federal sentences. Such a strategic decision is entitled to great deference and is presumed to be within the wide range of reasonable professional competence. Accordingly, petitioner's first claim of ineffective assistance of counsel should be dismissed.

### (B) Was petitioner's counsel ineffective in failing to file a motion to have the Court order defendant to receive credit for time served in state custody prior to his federal sentencing?

In this claim, petitioner contends that his counsel was ineffective in failing to ensure that he would receive credit toward his federal sentence for time he served in a state jail facility during his federal proceedings. In support of that argument, petitioner relies upon 18 U.S.C. §3585, which provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences – (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed – that has not been credited against another sentence." 18 U.S.C. §3585. Petitioner has not, however, demonstrated how §3585 applies to his case. During his federal proceedings, petitioner

6

was held in state custody on his state parole hold. He was not being held in federal prison relative to the federal charges against him nor was he being held as a result of charges for which he was arrested after the commission of the federal offenses. Thus, it is presumed that the time petitioner served in state custody during his federal proceedings will count toward his sentence on his state parole revocation. Petitioner has not demonstrated otherwise. Furthermore, the United States is correct in its assertion that petitioner's counsel had no mechanism by which to ensure that the time petitioner served in state custody during his federal proceedings would count toward his federal sentence nor did he have a mechanism by which to ask the Court to designate the time served in state custody as "federal." Accordingly, this claim of ineffective assistance of counsel should also be dismissed.

## II.     Petitioner's double jeopardy claim:

In his final claim, petitioner contends that his federal conviction violates the double jeopardy clause because it arises out of the same events ("a drug and gun arrest") for which he was also charged in state court. However, the United States Supreme Court has expressly held that successive state and federal prosecutions involving the same offense do not violate the Double Jeopardy Clause. *Koon v. U.S.*, 518 U.S. 81, 112, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); *United States v. Wheeler*, 435 U.S. 313, 317, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978)(reaffirming the well-established principle that a federal prosecution does not bar a subsequent state prosecution of the same person for the same acts, and

a state prosecution does not bar a federal one).² Thus, this claim should also be dismissed.

## **RECOMMENDATION**

For the above reasons, it is recommended that the Motion Under 28 U.S.C. §2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (R. Doc. 56) filed by petitioner, Joseph Hack, should be **DENIED**.

Signed in chambers in Baton Rouge, Louisiana, April 9, 2009.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

² *See also, Mora v. U.S. Dist. Court, East Dist. of Washington*, 995 F.2d 232 (9th Cir. 1993)(Due process of law and double jeopardy are not violated when the same acts are punished by two sovereigns); *U.S. v. Lopez Andino*, 831 F.2d 1164 (1st Cir. 1987)(Prosecuting entities are considered to be separate for double jeopardy purposes when they derive their power from different sources. It is well settled that, when states enact and enforce their own criminal laws, they are acting pursuant to their own sovereign power, not that of the national government); *U.S. v. Giovanelli*, 945 F.2d 479 (2nd Cir. 1991)(A state prosecution does not bar a subsequent federal prosecution of the same person for the same act); *U.S. v. Brown*, 920 F.2d 1212 (5th Cir. 1991)(It is well-established that a defendant may be prosecuted and sentenced by both federal and state governments if the defendant's criminal conduct violates the laws of each sovereign).